UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COLLEEN LEBOEUF,<br>        Plaintiff<br><br>        v.<br><br><br>TOWN OF MONSON AND MONSON<br>POLICE DEPARTMENT,<br>        Defendants | Civil Action No. 11-30136-MAP |

REPORT AND RECOMMENDATION WITH REGARD TO
A MOTION TO DISMISS (Document No. 9)
October 28, 2011

NEIMAN, U.S.M.J.

Colleen LeBoeuf ("Plaintiff") has brought the instant action against the Town of Monson and the Monson Police Department (together, "Defendants"). Plaintiff, who does not refer to any particular statute or provision, broadly claims that officers from the Monson Police Department violated her civil rights when they searched her house and videotaped her in her car and home. Defendants have moved to dismiss, arguing that the Monson Police Department is not a proper party and that Plaintiff has failed to state a claim upon which relief may be granted as to the Town of Monson. The motion has been referred to this court for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B). For the following reasons, the court will recommend that Defendants' motion be allowed.

I. STANDARDS OF REVIEW

When faced with a Rule 12(b)(6) motion to dismiss for failure to state a claim, the

court must accept the allegations of the complaint as true, drawing all reasonable inferences in favor of the plaintiff. *See Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Coyne v. City of Somerville*, 972 F.2d 440, 443 (1st Cir. 1992). Moreover, "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Sepulveda-Villarini v. Dep't of Educ. of P.R.*, 628 F.3d 25, 28 (1st Cir. 2010). Recently, the Supreme Court made clear that, under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), a complaint that states a plausible claim for relief, on its face, will survive a motion to dismiss. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009). The Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949.

## II. BACKGROUND

For present purposes, the following background comes directly from Plaintiff's complaint (cited as "Compl."). The facts and all reasonable inferences are stated in a light most favorable to Plaintiff, the party opposing dismissal. *Young v. Lepone*, 305 F.3d 1, 8 (1st Cir. 2002).

Although it is unclear from the complaint precisely how the following events unfolded, Plaintiff essentially alleges that on January 9, 2011, a call was placed to the Monson Police Department, requesting them to come and remove an individual who was carrying an explosive device from Plaintiff's home. (Compl. ¶¶ 3-4.) While the complaint is somewhat ambiguous as to whether Plaintiff or someone else placed this

2

call, Plaintiff does suggest that she was frustrated with the police department's response time, asserting that at one point she sent a text message to a police officer to ask "what was taking so long" and told the officer that if the department was waiting for a warrant she "would sign a consent to search." (Compl. ¶ 5.) In any event, upon arriving, an officer (unnamed in the complaint) asked Plaintiff to walk down the street and meet up with another officer. Plaintiff complied and met with an Officer Barone. Thereafter, while sitting in a police car with Officer Barone, Plaintiff was asked to sign a consent form granting permission to search her home. (Id. ¶ 9.) Plaintiff signed the consent form but asserts that the search was impermissible because she was not allowed to be present during the search. (Id. ¶ 10.)

Separately, Plaintiff alleges that she had frequent contact with a Sergeant Gasperini who would comment on her private telephone conversations. (Id. ¶ 13.) The only specific incident mentioned in the complaint is that Plaintiff received a text message from Sergeant Gasperini asking her if she had recently received a text message. (Id. ¶ 14.) Plaintiff interpreted this text message as an indication that her phone was being monitored. (Id.) Plaintiff also alleges that the police department has videotaped her and her son dressing and undressing. (Id. ¶¶ 16-17.)

Finally, Plaintiff raises two incidents of harassment, namely, that in April of 2010 officers from the Monson Police Department impermissibly seized her dog and, in June of 2009, erroneously charged her with a crime that occurred in Massachusetts while she was traveling out of state. (Id. ¶¶ 21-22.)

### III. DISCUSSION

A. Claim Against the Monson Police Department

Plaintiff has sued the Monson Police Department for allegedly violating her civil rights. However, "[f]or purposes of a section 1983 action, a police department is considered a non-person" and, therefore, "is not a suable entity." *Curran v. City of Boston*, 777 F. Supp. 116, 120 (D. Mass. 1991); *see also Douglas v. Boston Police Dep't*, No. 10-11049-WGY, 2010 WL 2719970 (D. Mass. 2010) (dismissing suit against a municipal police department because department "has no legal existence or liability to suit separate from the [municipality]"); *Henschel v. Worcester Police Dep't, Worcester, Mass.*, 445 F.2d 624, 624 (1st Cir. 1971) (holding a police department is not a suable entity, stating: "[i]f a Police Department may be successfully sued, it is the city which will pay; the result is the same as suing the city."). Accordingly, the court will recommend that the motion as to the Monson Police Department be allowed.

B. Claim Against the Town of Monson

"The contours of municipal liability are now pretty firmly established. A city is liable under 42 U.S.C. § 1983 if the injury results from an officially sanctioned policy or custom, but is not liable under the doctrine of *respondeat superior* for the aberrant and unpredictable behavior of its employees." *Kinan v. Brockton*, 876 F.2d 1029, 1033 (1st Cir. 1989). It is equally well established that a "municipality cannot be liable for the isolated actions of a single employee." *Luthy v. Proulx*, 464 F. Supp. 2d 69, 74 (D. Mass. 2006). "'[E]vidence of a single event alone cannot establish a municipal custom or policy' for purposes of section 1983." *Argueta v. City of Revere*, No. 09-10268-RGS, 2009 WL 2462622, at *1 (D. Mass. Aug. 11, 2009); *Baxter v. Conte*, 190 F. Supp. 2d 123, 128-129 (D. Mass. 2001) (claim dismissed because the plaintiff did not allege a relevant policy or custom of the municipality but, rather, described only two "random,

4

isolated events").

In the court's opinion, the complaint here should be dismissed because Plaintiff's allegations -- that on three unrelated occasions, police officers conducted an impermissible search of her house, impermissibly seized her dog, and allegedly charged her with a crime she did not commit -- are simply insufficient to amount to the municipal policy or custom required of civil rights claims.  Moreover, to the extent that Plaintiff alleges that police officers have placed video cameras in her home and have been recording her and her son undressing, the court finds this allegation to "fall within the class of factual contentions that are irrational, delusional, or wholly incredible." *Laurence v. Wall*, No. 09-427, 2009 WL 4780910, at *3 (D.R.I. Dec. 10, 2009) (adopting Report and Recommendation); *see also* Denton v. Hernandez, 504 U.S. 25, 33 (1992) (recognizing that a court at the motion to dismiss stage need not accept as true a plaintiff's factual allegations that describe "fantastic or delusional scenarios").

Of course, since Plaintiff is a *pro se* litigant, her pleadings must be construed liberally.  See *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Instituto De Educacion Universal Corp. v. United States Dep't of Educ.*, 209 F.3d 18, 23 (1st Cir. 2000).  However, even under a generous reading, the instant complaint, in the court's opinion, fails to state a claim upon which relief may be granted in this forum.

IV.  C<sub>ONCLUSION</sub>

For the reasons stated, the court recommends that Defendants' motion to dismiss

5

be ALLOWED.[1]

DATED: October 28, 2011

                                        /s/ Kenneth P. Neiman
                                        KENNETH P. NEIMAN
                                        U.S. Magistrate Judge

---

[1] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within fourteen (14) days** of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.